NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1150

COMMONWEALTH

vs.

ISAIAH JAMOL EDMONDS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was convicted of violating an abuse prevention order. On appeal, the defendant argues that the judge erred in ruling on a motion in limine which sought a remedy for the Commonwealth's loss of exculpatory evidence.  Discerning no error, we affirm.

Background.  The defendant was charged with violating an abuse prevention order by placing a telephone call to the victim who had sought the order of protection.  On the day of trial, the defendant filed a motion in limine to exclude lost exculpatory evidence.  According to the motion, a police report stated that an officer had gone to the victim's apartment where

she made statements regarding the telephone call incident. The motion asserted that, "[b]y policy, the statements made by the witness should have been recorded by body worn camera," but that the Commonwealth later reported that "[b]ody worn camera footage is unavailable" for the case. The motion sought to "exclude all testimony by witnesses whose recorded statements were lost or destroyed" and stated that "any testimony or evidence restating the lost or destroyed evidence should be excluded."

During hearing on the motion, the prosecutor confirmed that the police department does have a "policy for body worn cameras," and that police reports typically state that the "body worn camera was affixed on" but no such notation was made with respect to this incident. He explained that he always requests body worn camera recordings "as a failsafe" and that this was the first time that he had received a letter stating that the recording was unavailable. In response to the prosecutor's suggestion that a recording may not have been made, defense counsel argued that the incident occurred months after the body worn camera policy went in effect.[1] As a remedy for the alleged lost recording, counsel asked "that any testimony that might -- that refers to something that may have been captured on that body cam be excluded."

_____

[1] It is unclear what the policy required because the policy was not submitted to the court.

2

The judge allowed the motion.  He explained that, as a remedy, he probably would have precluded the police officer from testifying but the officer was not present and so would not be testifying anyway.  He also stated that he probably would have given an instruction pursuant to Commonwealth v. Bowden, 379 Mass. 472, 485 (1980), but there was no jury to instruct.  He allowed defense counsel to argue the issue in closing.

The victim testified at trial regarding the telephone call she received from the defendant and added that she subsequently "filed the report."  Defense counsel "renew[ed her] objection from [her] motions in lim regarding testimony -- again, regarding the entirety of her testimony as to what she reported."  The objection was overruled.

Discussion.  On appeal, the defendant contends that the "trial court committed reversible error when the court denied in part, the defendant's motion in-limine to preclude [the victim] from testifying about anything she said to the police or anything that may have been recorded on the officer's lost body cam while the officer was present at her address."  Yet, the judge did not deny the defendant's motion; the motion was allowed.  The defendant further argues that the "trial court erred in failing to allow the requested remedy," yet the requested remedy was the exclusion of evidence that may have been captured on the body worn camera recording.  There was, in

3

fact, no evidence introduced at trial regarding the officer's visit to the victim's home after the incident.

On appeal, the defendant claims that "any of the [victim's] testimony that could have been impeached by the contents of the lost video footage should have been excluded at trial."  Yet, the record does not reflect that the defendant was seeking to preclude the victim from testifying as to the restraining order violation itself.  Rather, in repeated references, throughout the record, the defendant sought to exclude evidence of what would have been captured by a police body worn camera when the victim reported the incident to the police, after the restraining order violation.  As the judge allowed the motion and the trial proceeded in conformity with that ruling, the defendant has no basis to complain.

Even if the defendant had clearly requested the exclusion of the victim's testimony regarding the restraining order violation itself, the judge would have been well within his discretion in denying such a remedy.  See Commonwealth v. Harwood, 432 Mass. 290, 302 (2000) (absent clear abuse of discretion, appellate court will not disturb trial judge's determination as to remedy).  When faced with a claim of lost or destroyed potentially exculpatory evidence, a judge must balance the Commonwealth's culpability, the materiality of the evidence,

4

and the prejudice to the defendant.  See Commonwealth v. Williams, 455 Mass. 706, 718 (2010).[2]

With respect to the Commonwealth's culpability, there is nothing in the record to suggest that the failure to record or preserve any video recording was anything other than negligent. See Commonwealth v. Heath, 89 Mass. App. Ct. 328, 337 (2016) (failure to preserve video recording of crime allegedly committed by defendant in booking area of police department was negligent).  As to materiality, the defendant speculates that a body worn camera may have captured what was on the victim's cell phone and statements and demeanor of the victim.  But there is nothing in the police report relied on by the defendant to suggest that the officer ever looked at the victim's cell phone or that she may have said anything apart from what she testified to at trial.  See Id. at 338 (materiality established if there is substantial basis for claiming prejudice from loss of evidence).  Likewise, there is no basis to conclude that the absence of any body worn camera recording prejudiced the defendant's case.  Cf. Id. at 335 (lost video recording could have supported defendant's claim that officer assaulted him and

_____

[2]  The defendant has the initial burden of showing that the Commonwealth lost or destroyed potentially exculpatory evidence. See Williams, 455 Mass. at 718.  Assuming without deciding the defendant met that burden, we review only the remedy which is disputed by the defendant on appeal.

5

thereby provide theory of defense that charge was fabricated to cover up police assault).

As the judge stated, any missing body worn camera recording of the plaintiff reporting the restraining order violation to the police was largely "a nonissue" where the Commonwealth had no plan to offer the police officer's testimony.  Moreover, where it was a bench trial, the judge could instruct himself on the missing evidence and its impact on reasonable doubt.  See Commonwealth v. Batista, 53 Mass. App. Ct. 642, 648 (2002) (trial judges sitting without jury presumed to have correctly instructed themselves).  Cf. Heath, 89 Mass. App. Ct. at 338-339 (lack of jury instruction on how to treat lost evidence created jury confusion).  Under the circumstances, there was no abuse of discretion in fashioning a remedy where the victim was prohibited from testifying to anything about the police officer's visit and defense counsel would be able to argue the point in closing.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion is clear error of judgment in

weighing factors relevant to decision, such that decision falls outside range of reasonable alternatives).

Judgment affirmed.

By the Court (Singh,
  D'Angelo & Hodgens, JJ.[3]),

*Paul Little*

Clerk

Entered: August 12, 2025.

---

[3] The panelists are listed in order of seniority.